UNITED STATES DISTRICT COURT

WESTERN DISTRICT SEATTLE

| | |
|---|---|
| STAN CHRISTIANSON, individually<br><br>Plaintiff<br><br>v<br><br>THE BOEING COMPANY, a Delaware Company with its headquarter in Illinois doing business in the state of Washington<br><br>Defendant | Case No. 2:20-cv-01349<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND REQUESTED |

**COMES NOW,** STAN CHRISTIANSON, by and through his attorney of record and alleges as follows:

COMPLAINT FOR DAMAGES - 1

*HUGHES LAW GROUP, PLLC*
*1715 Barkley Blvd #803*
*Bellingham, WA 98226*
*(360) 395 5158*

## I. JURISDICTION/VENUE

1.1 STAN CHRISTIANSON is currently a resident of Skagit County and was employed by THE BOEING COMPANY, hereinafter ("BOEING") and working in Snohomish County. BOEING is headquartered in Illinois, registered in Washington State and doing business in Snohomish County.

1.2 This Court has original jurisdiction over the claims based upon diversity as codified in USC 28 § 1332.

1.3 Venue is proper in the United States District Court in the Western District in Seattle.

## II. FACTS

2.1 On or about March 27, 2018 Boeing terminated STAN CHRISTIANSON after 26 years of employment.

2.2 At the time of his termination, STAN CHRISTIANSON had been working as Boeing's Project Manager performing the LEAN manufacturing implementation on Boeing's commercial airline the 777.

COMPLAINT FOR DAMAGES - 2

*HUGHES LAW GROUP, PLLC*
*1715 Barkley Blvd #803*
*Bellingham, WA  98226*
*(360) 395 5158*

2.3   Boeing rated STAN CHRISTIANSON 's performance highly over the past 26 years of his employment.  In fact, over that time, Boeing only wrote him up once over 26 years and that was for failing to provide it with notice of an illness prior to missing work.

2.4   STAN CHRISTIANSON suffered from episodic bouts of insomnia and sleep apnea prior to and following his termination by Boeing.  These medical conditions were medically diagnosed and he had been treated for them prior to and following Boeing's termination.  As a result, Stan's insomnia coupled with his sleep apnea were individually and cumulatively disabilities as defined by RCW 49.60.040(7)(a)-(d).

2.5   On or about March 12, 2018, STAN CHRISTIANSON again experienced a bout of insomnia.  Regardless, each morning, STAN CHRISTIANSON showered, shaved and got dressed for work only to realize his exhaustion from lack of sleep kept him from going to work and working.  Per instructions by Boeing, STAN CHRISTIANSON sent a text to his manager, Jeff Wagner, informing him that he was unable to come into work.

2.6 STAN CHRISTIANSON's insomnia continued and each day, prior to work, beginning March 12, 2018 through March 28, 2018, he prepared to go to work, as reflected in paragraph 2.5 above, only to realize he could not go in and informed his manager of the same before his shift started. He texted his manager telling the manager he was not well and/or that he had not gotten and sleep and was suffering from Insomnia and would be unable to come in.

2.7 On March 26, 2018 STAN CHRISTIANSON texted Jeff Wagner **"Jeff, I've had severe bouts of insomnia I want to be at work today but the probabilities are unlikely. FYI."**

2.8 In response to Stan's texts, Jeff Wagner responded with texts reading
(a) "alright",
(b) "message received",
(c) "Feel better! Hope to see you soon",
(d) "Stan, please sign your ETS for last week ASAP",
(e) "Thanks for letting me know. Take care" and,
(f) "Okay, see you then."

2.9 Because STAN CHRISTIANSON was still suffering from insomnia he did not come in to work on March 28, 2018.

COMPLAINT FOR DAMAGES - 4

HUGHES LAW GROUP, PLLC
1715 Barkley Blvd #803
Bellingham, WA 98226
(360) 395 5158

2.10 On March 28, 2018, STAN CHRISTIANSON texted Mr. Wagner at 3:48 a.m. informing him that he still had not slept and would not be able to come in to work. His text reads "Jeff, its nearly 4am I have not gotten an[y] sleep I will not be in today." Later, that same day, Boeing terminated STAN CHRISTIANSON's employment.

2.11 During a hearing regarding unemployment benefits, Jeff Wagner testified that on March 27, 2018, he left a voice message for STAN CHRISTIANSON informing him that if STAN CHRISTIANSON did not come back to work on March 28, 2018 he would be fired. Based upon information and belief, no voice message was ever left with Mr. Christianson on his phone.

*2.12* On March 28, 2018, Boeing terminated STAN CHRISTIANSON based upon a rigid and improper application of its sick leave policy that states something to the effect that **"employees must have benefits to cover their absences."** Boeing terminated Stan because had apparently *exhausted and he no longer had any more paid leave on March 28, 2018.*

2.13 However, Washington law as set forth in RCW 49.60. et. seq., makes it illegal to discriminate based upon one's disability. It also requires that employers must affirmatively accommodate one's disability.

2.14 By applying its sick leave policy rigidly, Boeing actually failed to accommodate Mr. Christianson's disability under RCW 49.60.et.seq or it terminated him because of it. Either way, Boeing broke the law.[1]

2.15 As a result of Boeing's termination, STAN CHRISTIANSON has incurred a significant loss of wages, past and future, along with other economic loss including but not limited to his early withdrawal of his 401k, loss of Boeing's 401k matching funds, early withdrawal penalty and loss of other benefits causing economic and physical and/or emotional hardship including the loss of employment and future employment in an amount to be determined at trial.

### III    CAUSES OF ACTION

---

[1] An employer should not be able to hide behind a policy when such a policy is unreasonable. *Pulcino v. Federal Express Corp.*, 141 Wn.2d 629, 9 P.3d 787, (2000).

COMPLAINT FOR DAMAGES - 6

*HUGHES LAW GROUP, PLLC*
*1715 Barkley Blvd #803*
*Bellingham, WA 98226*
*(360) 395 5158*

3.1   STAN CHRISTIANSON incorporates paragraphs 1.1 through 2.15 as if stated herein and alleges that Boeing discriminated against him by failing to accommodate his disability.

## JURY DEMAND

Mr. Christianson Demands a Jury of 12 Members.

**PRAYER FOR RELIEF**:

A.   Declaratory Relief stating that Boeing violated RCW 49.60 et. seq. by discriminating against Stan Christianson and/or by failing to accommodate his disability.

B.   Compensatory damages, for his loss of wages and lost future income, as well as emotional damages stemming from the emotional trauma of being terminated and unable to find similar gainful employment after Boeing terminated him.

C.   Special Damages, if any, for vocational or educational retraining and or medical treatment.

D.   Prejudgment interest;

E.   Reimbursement of any special damages, including but not limited to vocational and/or educational rehabilitation.

COMPLAINT FOR DAMAGES - 7

*HUGHES LAW GROUP, PLLC*
*1715 Barkley Blvd #803*
*Bellingham, WA 98226*
*(360) 395 5158*

F. For a reimbursement and award of fees and costs in an amount to be determined.

G. That the pleadings be deemed to comport to the proof presented at trial;

H. For any and all further equitable relief that is deemed, just, fair and necessary.

I. Mr. Christianson reserves the right to amend this Complaint if additional causes of action are discovered or if other parties are deemed necessary.

Dated this 28th day of August, 2020

_____
RICHARD HUGHES    WSBA #22897
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 8

*HUGHES LAW GROUP, PLLC*
*1715 Barkley Blvd #803*
*Bellingham, WA  98226*
*(360) 395 5158*