UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STAN CHRISTIANSON, individually,<br><br>    Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Company with its headquarters in Illinois doing business in the state of Washington,<br><br>    Defendant. | Case No. C20-1349RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. #33. The Court has determined that a response brief is unnecessary.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Plaintiff argues there was manifest error because the Court "failed to consider factual evidence presented by the Plaintiff demonstrating that he did have benefits available to him to cover the period of absence in 2018…"; that the Court failed to consider that Plaintiff's manager Jeff Wagner possessed knowledge of his disability at the time of his absence; and that the Court failed to consider and properly apply the authority of *Gambini v. Total Renal Care, Inc.*, 480 F.3d 950 (9th Cir. 2007) and *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128 (9th Cir. 2001). Dkt. #33 at 2.

The Court considered the relevant facts on the record, including these facts. The possible availability of benefits alone does not render Boeing's actions to be discriminatory. The record shows that Plaintiff was instructed that he did not have benefits to cover his time and that he would have to request a leave of absence or return to work. He then failed to follow Boeing's policies or communicate with his employer in a reasonable way. Plaintiff has otherwise failed to demonstrate pretext. The Court continues to find that Plaintiff has failed to make a sufficient showing that he informed anyone at Boeing that his insomnia affected his ability to do his job such that he needed an accommodation. Plaintiff now points to facts showing that Boeing knew he had "external stresses," and that he made a reference in a performance review to "a repeat of 2017 and 2018." Dkt. #33 at 3. Taken in a light most favorable to Plaintiff as the nonmoving party, these facts remain legally insufficient to inform Boeing of a disability affecting his ability to do his job such that he needed an accommodation.

*Gambini* and *Humphrey*, already cited by Plaintiff in his Response, did not alter the Court's ruling because Plaintiff failed to present facts showing a causal link between his alleged disability-produced conduct and the termination. Plaintiff's alleged disability-produced conduct was not appearing for work and failing to follow Boeing policies for requesting leave. Without

ORDER DENYING MOTION FOR RECONSIDERATION - 2

further information from Plaintiff, Boeing was repeatedly in the dark as to why he was not showing up for work on any given day and why he was not communicating with Boeing. This case is therefore distinguishable from *Gambini* and *Humphrey*.

Plaintiff has failed to demonstrate manifest error in the Court's ruling. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration, Dkt #33, is DENIED.

DATED this 1st day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE