UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STAN CHRISTIANSON, individually,<br><br>    Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Company with its headquarters in Illinois doing business in the state of Washington,<br><br>    Defendant. | Case No. C20-1349RSM<br><br>ORDER DENYING SECOND MOTION FOR RECONSIDERATION |

"Motions for reconsideration are disfavored." LCR 7(h)(1). Motions for reconsideration of orders denying motions for reconsideration are even more disfavored.

Plaintiff Christianson has filed a Second Motion for Reconsideration arguing the Court "has continued to fail to properly apply the authority outlined in *Gambini v. Total Renal Care, Inc.*, 480 F.3d 950 (9th Cir. 2007) and *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128 (9th Cir. 2001)." Dkt. #38 at 1.

"The court will ordinarily deny [motions for reconsideration] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

ORDER DENYING SECOND MOTION FOR RECONSIDERATION - 1

Plaintiff fails to bring new facts or legal authority to the Court's attention. Instead, he relitigates points previously made in response to summary judgment and in his first Motion for Reconsideration.

This Second Motion for Reconsideration is procedurally improper. Plaintiff is not trying to point out "matters which the movant believes were overlooked or misapprehended by the court." Instead, Plaintiff is asking the Court to overrule itself. The Court declines to do so.

The Court will clarify holdings at the request of a party if there is genuine confusion. Plaintiff should not be confused by how these two cases apply to the facts as stated in Court's Order denying his Motion for Reconsideration. The Court found "[w]ithout further information from Plaintiff, Boeing was repeatedly in the dark as to why he was not showing up for work on any given day and why he was not communicating with Boeing. This case is therefore distinguishable from *Gambini* and *Humphrey*." Dkt. #37 at 2–3. Plaintiff failed to show at the summary judgment stage that he was discharged under circumstances that raise a reasonable inference of unlawful discrimination, or that Boeing's reason for discharge was pretext for discrimination. The discharge was clearly initiated after a policy violation that would typically result in discharge in any employment setting, and Boeing had a legitimate nondiscriminatory reason for termination. The unique facts of this case warrant summary judgment dismissal.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Second Motion for Reconsideration, Dkt #38, is DENIED.

DATED this 10th day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE